IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01688-BNB

FANNIE MAE GASPER,

    Plaintiff,

v.

TIMOTHY FASING, Arapahoe County District Judge,

    Defendant.

---

ORDER OF DISMISSAL

---

    Plaintiff Fannie Mae Gasper currently resides in Castle Rock, Colorado. Ms. Gasper, acting *pro se*, initiated this action by submitting to the Court a Civil Rights Complaint and an Application to Proceed Without Prepayment of Fees and Affidavit. On June 27, 2013, Magistrate Judge Boyd N. Boland directed Ms. Gasper to cure certain deficiencies if she wished to pursue her claims. Specifically, Magistrate Judge Boland ordered Ms. Gasper to submit her claims and request to proceed pursuant to 28 U.S.C. § 1915 on proper Court-approved forms. Ms. Gasper was warned that the action would be dismissed without further notice if she failed to cure the deficiencies within thirty days.

    On July 1, 2013, Ms. Gasper filed her claims on a proper Court-approved form and submitted a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. The Motion and Affidavit, however are not properly notarized. Because Ms. Gasper has failed to cure all deficiencies the action is subject to dismissal.

Nonetheless, even if the Court were to allow Ms. Gasper to proceed with her claims, the Court would dismiss the action for lack of merit. Ms. Gasper challenges Defendant Judge Timothy L. Fasing's rulings in a state court guardian/conservator proceeding that stripped her of all civil rights. Compl. at 2.

Plaintiff may not challenge the Arapahoe County guardian/conservator proceeding in this action. The *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (stating that the losing party in a state court proceeding is generally "barred from seeking what in substance would be appellate review of the state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."). Review of the state court judgment must proceed to the state's highest court and then to the United States Supreme Court pursuant to 28 U.S.C. § 1257. *See Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991).

The *Rooker-Feldman* doctrine bars not only cases seeking direct review of state court judgments; it also bars cases that are "inextricably intertwined" with a prior state court judgment. *See Feldman*, 460 U.S. at 482 n.16. "To determine whether a federal

plaintiff's claim is inextricably intertwined with a state court judgment, [the Court] must pay close attention to the relief the plaintiff seeks." *Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144, 1147-48 (10th Cir. 2004). "Where a plaintiff seeks a remedy that would disrupt or undo a state court judgment, the federal claim is inextricably intertwined with the state court judgment." *Id.* at 1148. Furthermore, the *Rooker-Feldman* doctrine "precludes not only review of adjudications of the state's highest court, but also the decisions of its lower courts." *See Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 199 (4th Cir. 1997).

Ms. Gasper requests that this Court find Judge Fasing violated Ms. Gasper's civil rights when he required that a legal guardian or conservator be appointed for her. This remedy would disrupt or undo the state court judgment. Therefore any federal claim that Ms. Gasper's civil rights were violated is inextricably intertwined with the state court judgment and this Court lacks subject matter jurisdiction.

Furthermore, Defendant Judge Fasing is absolutely immune from liability in civil rights suits when he acts in his judicial capacity, unless he acts in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994). Judge Fasing was acting in his judicial capacity when he entered a decision regarding the guardianship/conservatorship of Ms. Gasper. Therefore, to the extent Ms. Gasper is raising a civil rights violation claim against Judge Fasing the claims are barred by absolute judicial immunity.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be

denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Ms. Gasper files a notice of appeal she must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the action is dismissed without prejudice for lack of subject matter jurisdiction.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this  1st  day of   August  , 2013.

BY THE COURT:

 s/ Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court